FILED
02/16/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2022

## ROBERT K. PERRY v. THOMAS BROCKWAY, SR. ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2018-CV-5936  David L. Allen, Judge**

_____

**No. M2021-00532-COA-R3-CV**

_____

Plaintiff appeals the dismissal of his action to set aside several alleged fraudulent conveyances.  Because the orders appealed do not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Andrew B. Sanders, Memphis, Tennessee, for the appellant, Robert K. Perry.

Charles M. Weirich, Jr., Memphis, Tennessee, for the appellees, Brockway I Irrevocable Trust, Brockway II Irrevocable Trust, Lynda Brockway, and Thomas Brockway, Sr.

## MEMORANDUM OPINION[1]

In 2010, Robert K. Perry filed a suit for breach of contract and misrepresentation against his former employer, Target Medical, Inc.; its president, Tom Brockway, Sr.; and the president's son, Brent Brockway.  While that suit was pending, Mr. Perry filed the present action alleging that Tom Brockway, Sr. and his wife, Lynda Brockway, had "fraudulently transferred Target Medical" and several parcels of real property to their sons and two trusts.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

The defendants, Thomas Brockway, Sr., Lynda Brockway, Brockway I Irrevocable Trust, and Brockway II Irrevocable Trust, filed an answer asserting that Mr. Perry's claims were barred by the statute of limitations. The two trusts also filed a counterclaim alleging that Mr. Perry created an unlawful cloud on their title and seeking compensatory and punitive damages.

Mr. Perry moved for summary judgment on his claims. The defendants moved to dismiss Mr. Perry's claims under Tennessee Rule of Civil Procedure 12.02(6). On April 15, 2021, the trial court entered two orders. The first denied Mr. Perry's motion for summary judgment. The second granted the defendants' motion to dismiss Mr. Perry's claims. Neither order addressed the defendants' counterclaim. Mr. Perry filed his notice of appeal on May 17, 2021.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. TENN. R. APP. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. TENN. R. APP. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Upon receipt of the record, this Court determined that the April 15, 2021 orders were not final because the trial court had not disposed of the trusts' counterclaim. Thus, on October 5, 2021, we ordered the parties either to obtain a final order disposing of the remaining claim within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, the parties have not responded to the show cause order, and the trial court clerk has notified this Court that no final judgment has been entered.

The appeal is dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Robert K. Perry.

**PER CURIAM**